## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| JOSE J. RODRIGUEZ QUEZADA, ) | |
| ID #26664-198 ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:11-CV-0929-B-BH |
| ) | |
| SIX UNKNOWN NAMES AGENTS, et. al ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the filings and applicable law, the case should be dismissed for want of prosecution.

### I. BACKGROUND

On May 3, 2011, the Court received an unsigned *pro se* civil complaint under 42 U.S.C. § 1983 naming Big Spring Correction Center inmate Jose J. Rodriguez Quezad as plaintiff. (doc. 2). The envelope reflected the name and address of another inmate, Ernesto Luis Valeriano Valles, as the sender. (*Id.*) On May 5, 2011, both Quezada and Valles were sent an order advising that the complaint had not been filed on the proper form and that no filing fee or request to proceed *in forma pauperis* (IFP) had been submitted. The order gave plaintiff thirty days to submit his complaint on the correct form and to pay the filing fee or submit an IFP motion. It also specifically warned that failure to comply with the order could result in dismissal of the case for failure to prosecute. (*Id.*) On May 17, 2011, both packets were returned with a notation stating "Return to Sender, Refused, Unable to Forward." (docs. 4,5). The website for the Bureau of Prisons indicates that Valles was released on April 29, 2011, and that Quezada has been transferred. (*See* www.bop.gov, search by inmate numbers).

### II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Documents sent to the named plaintiff and the sender have been returned as undeliverable because both Valles and Quezada have changed addresses without informing the Court. Neither has otherwise shown any intent to proceed with this case, and it should be dismissed under Rule 41(b) for want of prosecution.

### III. RECOMMENDATION

This case should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 23rd day of May, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE